UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,                              **REPORT and**
                                                       **RECOMMENDATION**


v.                                                     17-CR-00028-FPG-JJM

JESSE LEWIS,
                                Defendant.
_____

        Defendant Jesse Lewis is charged with various controlled substance violations.

Superseding Indictment [58].[1]  Before the court is defendant's motion to suppress evidence

seized pursuant to a search warrant for 234 North Ogden Street, Buffalo, New York [114], which

has been referred to me by District Judge Frank P. Geraci, Jr. for initial consideration [18].

Although the government has not yet responded to this motion, I see no point in requiring it to do

so, since defendant has not made a *prima facie* showing of his entitlement to suppression.[2]  For

the following reasons, I recommend that the motion be denied.


## BACKGROUND

        Following defendant's arraignment, I issued a Scheduling Order [27] requiring

all pretrial motions, "including all supporting papers", to be filed by a certain date. Id., ¶2.  I

expressly cautioned, with citation to supporting authority,  that "[a]ny motion to suppress

statements or physical evidence must initially be accompanied by an appropriate affidavit (or

declaration) from an individual with personal knowledge, failing which the court will normally

_____

[1]      Bracketed references are to the CM/ECF docket entries.

[2]      I will still require the government to respond to defendant's other pretrial motion [115].

recommend that the motion be denied without an evidentiary hearing". Id.  Although the deadline for defendant's pretrial motions was adjourned several times, identical language was included in each of my subsequent Scheduling Orders [49, 86, 98, 99].

Defendant timely filed his pretrial motion to suppress [114] on January 29, 2018. While that motion was supported by the declaration of his attorney [114-1], it lacks an affidavit (or declaration) from defendant himself establishing standing to contest the search.


## ANALYSIS

It has long been settled law that a motion seeking a suppression hearing must be accompanied by an affidavit from someone having *personal* knowledge of the facts justifying the hearing. *See* United States v. Gillette, 383 F.2d 843, 848–49 (2d Cir. 1967).  That obligation includes the requirement that "[a] defendant seeking to suppress evidence must demonstrate by a preponderance of the evidence that he had a reasonable expectation of privacy in the location or items searched".  United States v. Marshall, 2012 WL 5511645, *1 (W.D.N.Y.), adopted, 2012 WL 5948782 (W.D.N.Y. 2012).

Ignoring this longstanding requirement, which is expressly set forth in all of  my Scheduling Orders, defendant supports his motion only with the declaration of his attorney. However, the burden of establishing standing "is met only by sworn evidence, in the form of affidavit or testimony, from the defendant or someone with personal knowledge". United States v. Montoya-Eschevarria, 892 F. Supp. 104, 106 (S.D.N.Y. 1995).  "The defendant's unsworn assertion of the Government's representations does not meet this burden." Id.; United States v. Cody, 434 F. Supp. 2d 157, 167 (S.D.N.Y. 2006) ("a district court may not grant a defendant standing to pursue a suppression motion 'relying solely on the government's theory of the case,'

because to do so would amount to 'an evisceration of the defendant's burden of proof as established by the Supreme Court'"); United States v. Holland, 985 F. Supp. 587, 601 (D. Md. 1997) ("Holland cannot assert his proprietary interest and reasonable expectation of privacy in [the premises]  through the government's pre-search theory and witnesses").

The time for defendant to properly support the motions has expired.  Fed. R. Crim. P. ("Rule") 47(d) requires states the moving party to "serve any supporting affidavit *with the motion*" (emphasis added), not at a later date. "If a party could file a skeleton motion and later fill it in, the purpose of the time limitation would be defeated". Sztorc v. Prudential Insurance Company of America, 2008 WL 597203, *2 (W.D.N.Y. 2008).  To excuse defendant's failure would only cause further delay in this case, which would undermine the public's interest in a speedy trial. *See* Zedner v. United States, 547 U.S. 489, 501-02 (2006).


**CONCLUSION**

For these reasons, I recommend that defendant's motions to suppress [114] be denied, with prejudice.  Unless otherwise ordered by Judge Geraci, any objections to this Report and  Recommendation must be filed with the clerk of this court by February15, 2018.  Any requests for extension of this deadline must be made to Judge Geraci.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision".  Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the

magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 59(c)(2) of this Court's Local Rules of Criminal Procedure, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority", and pursuant to Local Rule 59(c)(3), the objections must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or  identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objection.

Dated: February 1, 2018

  /s/ Jeremiah J. McCarthy
 JEREMIAH J. MCCARTHY
 United States Magistrate Judge