UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-28-FPG-JJM-2

DECISION AND ORDER

JESSE LEWIS,

      Defendant.

## INTRODUCTION

On May 17, 2017, the United States of America filed a superseding indictment charging three individuals with various offenses related to narcotics trafficking. ECF No. 58. All pretrial matters were referred to U.S. Magistrate Judge Jeremiah J. McCarthy pursuant to 28 U.S.C. § 636(b). On January 29, 2018, Defendant Jesse Lewis ("Defendant") moved for a suppression hearing to challenge the search of a property located at 234 North Ogden Street in Buffalo, New York. ECF No. 114.

On February 8, 2018, Magistrate Judge McCarthy issued his Report and Recommendation ("R&R") on Defendant's motion, ECF No. 118, which recommended denying Defendant's motion for a suppression hearing because Defendant neglected to attach a necessary affidavit to his motion. On April 6, 2018, Defendant objected to Judge McCarthy's R&R. ECF No. 148. For the reasons that follow, the Court accepts Judge McCarthy's R&R. Consequently, Defendant's motion for a suppression hearing is denied.

## BACKGROUND

Lieutenant Aaron Brennan of the Lackawanna Police Department applied for a search warrant for a home located at 234 North Ogden Street. He described the location as a "two story single family dwelling," Defendant Jesse Lewis as a 5'7, 170 pound black male, and the property to be seized as "cocaine . . . drug paraphernalia, . . . house keys which would tend to identify the

owner, lessee or whomever has custody or control over the premises or items seized," among other items. ECF No. 118-2 at 6.

Lieutenant Brennan further disclosed in his application that a confidential source positively identified the Defendant "from a previous arrest booking photograph as the person he/she has observed in possession of cocaine inside 234 North Ogden Street," and that the confidential source had transacted "for a large quantity of cocaine with the [defendant] Jesse [Lewis] at 234 North Ogden Street." *Id.* at 7. Lieutenant Brennan also disclosed that narcotics officers had "conducted surveillance and observed traffic coming and going and hand to hand transactions common with narcotics activity involving the target over the past three weeks." *Id.*

In September 2016, law enforcement executed a search of 234 North Ogden Street and allegedly found a large quantity of crack cocaine and firearms. ECF No. 114-1 at 2. Defendant subsequently moved for a hearing "to determine whether the fruits of [the] search should be suppressed." ECF No. 114-3 at 2.

## LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). After reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3).

## DISCUSSION

Judge McCarthy denied Defendant's motion for a suppression hearing because Defendant supported his motion with a declaration from his attorney and not, as the law requires, with an affidavit from himself or someone else with "personal knowledge demonstrating sufficient facts" justifying the hearing. ECF No. 118 at 2 (citing *United States v. Gillette*, 383 F.2d 843, 848-49 (2d Cir. 1967)). Judge McCarthy expressly alerted Defendant to this "longstanding" affidavit

requirement in "all of [his] Scheduling Orders." *Id.* Judge McCarthy refused to "excuse defendant's failure" as it "would only cause further delay in this case, which would undermine the public's interest in a speedy trial." *Id.* at 3 (citing *Zedner v. United States*, 547 U.S. 489, 501-02 (2006)).

Defendant argued in his objection to Judge McCarthy's R&R that he satisfied the requirement to "submit an affidavit of an individual with personal knowledge" by attaching Lieutenant Aaron Brennan's search warrant application to his original suppression motion. According to Defendant, Lieutenant Brennan's affidavit demonstrated the requisite personal knowledge because the application "details the officer's investigation and makes allegations of Mr. Lewis' continued presence at the premises and the expectation that law enforcement would find Mr. Lewis at the 234 North Ogden Street premises at the time of the search." *Id.* Defendant argues that Judge McCarthy erred by overlooking Lieutenant Brennan's affidavit. *Id.*

The Court disagrees. As Judge McCarthy discussed in his R&R, a defendant moving to suppress evidence bears the "burden of establishing [that he has] standing" to do so. *U.S. v. Montoya-Eschevarria*, 892 F. Supp. 104, 106 (2d Cir. 1995). To establish standing, a defendant must prove by a preponderance of the evidence that he had an actual and objectively reasonable expectation of privacy in the searched property, *Rakas v. Illinois*, 439 U.S. 128, 143 (1978), which he may do "by showing that he owned the premises or that he occupied them and had dominion and control over them by leave of the owner." *United States v. Villegas*, 899 F.2d 1324, 1333 (2d Cir. 1990). Additionally, proof "must" be in the form of an "affidavit from [a defendant himself or] someone [else] with personal knowledge demonstrating sufficient facts to show that [the defendant] had a legally cognizable privacy interest in the premises at the time of the search." *U.S. v. Ruggiero*, 824 F. Supp. 379, 391 (S.D.N.Y. 1993) (citing *Rawlings v. Ky.*, 448 U.S. 98, 114 (1980)).

3

The Second Circuit's decision in *U.S. v. Watson*, 404 F.3d 163 (2d Cir. 2005), is instructive. The defendant Roger Watson moved to suppress physical evidence seized pursuant to an allegedly illegal search of a basement apartment. *Id.* at 164. Watson submitted an affidavit from his attorney averring that Watson had an expectation of privacy in the apartment. The court disregarded the affidavit from Watson's attorney because it was made "without any claim of personal knowledge." *Id.* at 166. The court continued that "even if the factual affirmations by defendant's counsel were credited, they fail to establish that defendant's legitimate expectations of privacy were violated by the search of" the property. *Id.* at 166. For instance, Watson's attorney affirmed that the disputed search warrant listed defendant among those who "utilized" the searched property. *Id.* This affirmation, however, did not demonstrate to the court that Watson had a reasonable expectation of privacy in the apartment because the search warrant's language "[did] not come close to showing that defendant 'owned the premises or that he occupied them and had dominion and control over them by leave of the owner.'" *Id.* (quoting *Villegas*, 899 F.2d at 1333).

Watson's attorney also averred that the searched apartment was his client's former residence, and that "the address of the [searched] residence was listed in the 'former addresses' section of his United States Marshals Service booking form." *Id.* The court, however, noted that Watson's "motion papers did not identify the source of the information on the form," nor did the form indicate that defendant resided in the apartment on the date of the search. *Id.*

Here, Lieutenant Brennan's affidavit does not demonstrate that he had personal knowledge that Defendant had any reasonable expectation of privacy in the premises located at 234 North Ogden Street. Lieutenant Brennan's affidavit does not indicate that he knew the Defendant lived there—it only indicates that a confidential informant told him that Defendant was selling cocaine at that address. Defendant argues that the affidavit "makes allegations of [Defendant's] continued presence at the premises and the expectation that law enforcement would find [Defendant] at the

234 North Ogden Street premises," but those allegations, like those contained in the search warrant in *Watson*, do not necessarily show that defendant "owned the premises or that he occupied them and had dominion and control over them by leave of the owner." *Villegas*, 899 F.2d at 1333. The mere fact that Defendant may have sold drugs on the premises, without more, does not establish that he had a subjective or reasonable expectation of privacy there. The affidavit thus failed to demonstrate the requisite "personal knowledge" of Defendant's privacy interest in 234 North Ogden Street.

Defendant also attached to his suppression motion what appears to be a September 13, 2016 email from utility company National Grid addressed to an individual named "Aaron." The email indicates that Defendant paid utility bills for 234 North Ogden Street during a period of time preceding the date that authorities searched the property. *See* ECF No. 114-1 at 2. Defendant's moving papers never expressly mention this email, nor do they discuss who it is from or whether the recipient "Aaron" is Lieutenant Aaron Brennan. Additionally, Defendant erroneously referred to the document as a warrant application, but the warrant application is clearly a different exhibit.[1] The Court cannot assume from this unexplained and mislabeled document that Lieutenant Brennan knew Defendant paid utility bills for 234 North Ogden Street, nor does Lieutenant Brennan's sworn affidavit substantiate that assumption. Even if Lieutenant Brennan's affidavit discussed his knowledge of the utility bill, it would still fall short of proving, by a preponderance of the evidence, that Defendant held a reasonable expectation of privacy in the searched property. *See Watson*, 404 F.3d at 166.

It appears to the Court that Defendant originally submitted the warrant and application from Lieutenant Brennan to challenge the legality of the search of 234 North Ogden Street—not

---

[1] Adding to the Court's confusion, all of the exhibits attached to Defendant's moving papers appear to be mislabeled. For instance, the search warrant application is actually Exhibit 3 and not, as Defendant states, Exhibit 1. Exhibit 4 is the actual search warrant, but Defendant labeled it the "property record search," which actually appears to be Exhibit 2. *See* ECF No. 114-2.

5

to establish standing. Defendant's attempt, after failing to heed Judge McCarthy's scheduling orders, to recharacterize Lieutenant Brennan's warrant application as evidence supporting standing is unavailing. Additionally, the Court agrees with Judge McCarthy's opinion that to excuse the Defendant's failure would undermine the public's interest in a speedy trial.

## CONCLUSION

The Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jeremiah J. McCarthy, ECF No. 118, in its entirety, and Defendant's motion, ECF No. 114, is denied in all respects.

IT IS SO ORDERED.

Dated: April 17, 2018
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court