UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

v.

JESSE C. LEWIS,

                Defendant.
_____

**DECISION AND ORDER**

17-CR-0028-FPG-JJM

        Defendant Jesse Lewis is charged in a Superseding Indictment [58][1] with several controlled substance and firearms offenses, including conspiracy (with co-defendant Valentino Shine, Sr.) to distribute 28 grams or more of a mixture and substance containing cocaine base, in violation of 21 U.S.C. §846. Id., Count 1.  Before me is defendant's remaining motion for a bill of particulars concerning Count 1 of the Superseding Indictment  (Soehnlein Declaration [115], §II)[2] and the government's cross-motion for production of reciprocal discovery. Government's Response [156], p. 19.

        For the following reasons, defendant's motion is denied, and the government's cross-motion is granted.

---

[1]    Bracketed references are to the CM/ECF docket entries. Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination..

[2]    All other portions of defendant's pretrial motion [115] were resolved, without prejudice to his right to renew the resolved portions of his pretrial motion if the government fails to fulfill its discovery representations. June 26, 2018 Text Order [187].

## ANALYSIS

A.  **Defendant's Motion for a Bill of Particulars**

Fed. R. Crim. P. 7(f) "permits a defendant to seek a bill of particulars in order to identify with sufficient particularity the nature of the charge pending against him, thereby enabling defendant to prepare for trial, to prevent surprise, and to interpose a plea of double jeopardy should he be prosecuted a second time for the same offense". United States v. Bortnovsky, 820 F.2d 572, 574 (2d Cir. 1987). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." United States v. Walsh, 194 F.3d 37, 47 (2d Cir. 1999). "[T]he burden is upon defendants to show that non-disclosure of the requested particulars would lead to prejudicial surprise at trial or would adversely affect defendants' rights". United States v. Duarte, 2014 WL 29366, *1 (W.D.N.Y. 2014).

"In deciding a motion for a bill of particulars, the important question is whether the information sought is necessary, not whether it is helpful." United States v. Conley, 2002 WL 252766, *4 (S.D.N.Y. 2002). A bill of particulars "should not function to disclose evidence, witnesses, and legal theories to be offered by the Government at trial or as a general investigative tool for the defense". United States v. Henry, 861 F.Supp. 1190, 1197 (S.D.N.Y. 1994).

The court "has the discretion to deny a bill of particulars if the information sought by defendant is provided in the indictment or in some acceptable alternate form". United States v. Barnes, 158 F.3d 662, 665 (2d Cir. 1998). See United States v. Messina, 2012 WL 463973, *10 (E.D.N.Y. 2012) ("[i]n determining whether a defendant has shown such necessity, the trial court must examine the totality of the information available to the defendant, including the

indictment and general pre-trial discovery"). "Whether to grant a bill of particulars rests within the sound discretion of the district court." United States v. Panza, 750 F.2d 1141, 1148 (2d Cir. 1984). With this standard in mind, I will address defendant's request for particularization.

Count 1 of the Superseding Indictment [58] alleges that "[b]eginning on a date unknown to the Grand Jury, but no later than in or about September 2016, and continuing until in or about December 2016, in the Western District of New York, and elsewhere, [defendants Lewis and Shine] did knowingly, willfully, and unlawfully combine, conspire, and agree together and with others, known and unknown to the Grand Jury, to . . . possess with intent to distribute, and to distribute, 28 grams or more of a mixture and substance containing cocaine base". Following the June 26, 2018 oral argument at which I raised a concern as to whether the start date of the alleged conspiracy had been sufficiently alleged,[3] the government agreed that the period for the conspiracy alleged in Count 1 of the Superseding Indictment is as follows: "Beginning in or about July 2016, the exact date being unknown, and continuing until in or about December 2016". July 11, 2018 Text Order [191]. Notwithstanding the government's agreement to narrow the period of the conspiracy at issue[4] and the production of additional discovery, defendant continues to seek the following particularization of Count 1 of the Superseding Indictment:

    a. Names of any unindicted co-conspirators;

---

[3]     In this Circuit, an indictment alleging conspiracy under 21 U.S.C. §846 must allege "the time during which the conspiracy was operative". United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975). "An indictment sufficiently alleges the duration of a conspiracy by fixing the end of the conspiracy and providing an approximate start date." United States v. Kincaid, 631 Fed. App'x 276, 280 (6th Cir. 2015); United States v. Vassar, 346 Fed. App'x 17, 19–20 (6th Cir. 2009).

[4]     Defendant incorrectly characterizes the government's agreement as "enlarg[ing] the applicable period for the alleged conspiracy by two months". Defendant's July 16, 2018 letter brief [193], p. 2 of 3 (CM/ECF). In the absence of that agreement, the commencement of the conspiracy would be open-ended, starting at some undefined time no later than September 2016. Superseding Indictment [58], Count 1.

> b. The specific dates, times and locations when the co-conspirators combined and agreed to enter/leave the alleged conspiracy;
>
> c. The location where the alleged conspiracy operated;
>
> d. Defendants' overt acts attributable to the alleged conspiracy, including whether there are any overt acts that are not charged;
>
> e. The quantity of controlled substance trafficked by the alleged conspiracy; and
>
> f. The organizational structure of the alleged conspiracy. Defendant's July 16, 2018 letter brief [193], pp. 1-2 of 3 (CM/ECF).

Defendant alleges that the discovery produced primarily relates to co-defendant Shine "and the other counts against him in the Superseding Indictment", with the exception of "cell phone call logs dating to July 2016 and a recorded phone call between [defendant] and [co-defendant] Shine from December 2016". Defendant's July 16, 2018 letter brief [193], p. 2 of 3 (CM/ECF). He argues that "in light of the broad and nebulous allegations of criminal enterprise", the discovery produced thus far does not assist him in preparing for trial. Id.

"The necessity of a bill of particulars depends on the nature of the charged crime." United States v. Meregildo, 2012 WL 3834732, *5 (S.D.N.Y. 2012). Although "there is a special concern for particularization in conspiracy cases", United States v. Palmer, 2012 WL 2953659, *3 (W.D.N.Y. 2012) (*citing* United States v. Davidoff, 845 F.2d 1151 (2d Cir. 1988)), "a bill of particulars or other adequate disclosure is appropriate where a conspiracy count covers a complex series of events over a number of years, but provides only the bare bones of the charge". Barnes, 158 F.3d at 666. *See* United States v. Reddy, 190 F. Supp. 2d 558, 570 (S.D.N.Y. 2002) ("[c]ourts have granted requests for bills of particulars identifying co-conspirators in cases where the number of defendants was large, where the alleged conspiracy spanned long periods of time and where the alleged schemes were wide-ranging").

Here, Count 1 of the Superseding Indictment tracks the language of the statute with little additional detail of the alleged conspiracy. However, the alleged conspiracy is neither complex nor expansive. See United States v. Garner, 2017 WL 7661427, *4 (W.D.N.Y. 2017), adopted, 2018 WL 827146 (W.D.N.Y. 2018) ("[a] bill of particulars is not warranted on [the 21 U.S.C. §846 count] because the alleged conspiracy spanned only six months and does not appear to have been particularly complex"). The government also represents that it has produced or made available for review "audio and video recordings, photographs, laboratory reports, police reports and other documents that support the charges in the Superseding Indictment" (government's Response [56], p. 5), and will produce Jencks act material in advance of trial. Id., p. 14. See United States v. Calvente, 2013 WL 4038952, *2 (S.D.N.Y. 2013) (denying a bill of particulars where "the Government has already provided much, if not all, Rule 16 discovery, and this Court will require it to provide Jencks Act material in advance of trial to apprise the Defendants of the essential facts").

These facts are readily distinguishable from defendant's reliance on United States v. Nachamie, 91 F. Supp. 2d 565, 573 (S.D.N.Y. 2000). Defendant's July 16, 2018 letter brief [193], p. 3 of 3 (CM/ECF). In Nachamie the defendants were charged with a conspiracy to commit Medicare fraud, and the government "produced over 200,000 pieces of paper in hundreds of boxes and files, relating to 2,000 Medicare claims", but had "not yet informed the defendants which of these claims were false and in what way they were false". Id. at 571. Relying on those facts as well as the fact that there were "a large number of co-conspirators (eight defendants and an unknown number of unindicted co-conspirators) and the alleged conspiracy . . . operated for a significant period of time (more than three years)", the court

ordered a bill of particulars specifying the names of unindicted co-conspirators and the details of each allegedly false claim submitted as part of the alleged conspiracy. Id. at 572–75.

Moreover, much of the particularization defendant seeks is not of the type to which he is entitled. "As a general rule, the defendant does not 'need' detailed evidence about the conspiracy in order to prepare for trial properly. It is well settled that defendants need not know the means by which it is claimed they performed acts in furtherance of the conspiracy nor the evidence which the Government intends to adduce to prove their criminal acts." United States v. Feola, 651 F.Supp. 1068, 1132 (S.D.N.Y. 1987), aff'd, 875 F.2d 857 (2d Cir. 1989). *See also* United States v. Mullen, 243 F.R.D. 54, 62 (W.D.N.Y. 2006) ("as the government can prove the existence of a conspiracy through circumstantial evidence, a Bill of Particulars comprised of very specific details is not required for a drug trafficking conspiracy charge").

Thus, "the government need not specify when a particular defendant joined the conspiracy, nor is it required to specify what role each defendant played in the conspiracy. . . . Similarly, to the extent that defendants seek a description of the particular acts for which he or she is being held responsible, or a listing of the acts of which each defendant had knowledge, the case law is clear that the government is not required to provide the information." United States v. James, 2007 WL 914242, *26 (E.D.N.Y. 2007). *See* United States v. Nicolo, 523 F. Supp. 2d 303, 317 (W.D.N.Y. 2007), aff'd, 421 Fed. App'x 57 (2d Cir. 2011) (Summary Order) ("[a]s a general rule, a defendant is not entitled to receive details of the government's conspiracy allegations in a bill of particulars. More specifically, details regarding the date on which the conspiracy was formed, or when each participant entered into the conspiracy need not be revealed before trial . . . . Likewise, the names of unindicted coconspirators need not be provided"); United States v. Chen, 2007 WL 2244213, *10 (S.D.N.Y. 2007) ("[t]he Second

Circuit . . . ha[s] routinely denied requests for Bills of Particulars concerning the 'wheres, whens, and with whoms' of the crime charged"). It is for these reasons that "bills of particulars are frequently deemed inappropriate in cases involving conspiracies". United States v. McGee, 2017 WL 667199, *3 (W.D.N.Y.), adopted, 2017 WL 2880121 (W.D.N.Y. 2017).

Defendant has not demonstrated why the result here should be different. Though much of defendant's focus is on obtaining particularization of the acts of co-conspirator Shine attributable to the conspiracy and the lack of discovery connecting him to the conspiracy, "the government is not required to particularize overt acts . . . and other details regarding the alleged conspiracy". Garner, 2017 WL 7661427 at *4; United States v. Carroll, 510 F.2d 507, 509 (2d Cir. 1975) ("[t]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge"); Nachamie, 91 F. Supp. 2d at 575. The government represents that it has provided defendant "with the documents it expects to rely upon as proof of the beginning of the conspiracy. And while the defendant may not view those documents as sufficient proof, the defendant is not entitled to the government's theory of the case." Government's July 17, 2018 letter brief [194], p. 6. Therefore, this motion is denied.

**B.     Government's Cross-Motion for Reciprocal Discovery**

The government moves for reciprocal discovery pursuant to Rule 16(b). Government's Response [156], p. 19. Defendant has not opposed this request. Therefore, the government's motion is granted. "Defendant shall provide such discovery, if any, not later than 30 days prior to trial or such other date as the District Judge may direct." United States v. Sikut, 488 F.Supp.2d 291, 304-05 (W.D.N.Y. 2007).

## CONCLUSION

For these reasons, defendant's motion for a bill of particulars (Soehnlein Declaration [115], §II) is denied, and the government's cross-motion motion for reciprocal discovery (government's Response [156], p. 19) is granted.

Dated: July 19, 2018

    /s/ Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge