UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-28-FPG-JJM-2

DECISION AND ORDER

JESSE LEWIS,

Defendant.

# INTRODUCTION

Defendant Jesse Lewis is charged with several offenses related to an alleged narcotics conspiracy. ECF No. 58. On November 29, 2018, Lewis moved for reconsideration of the Court's order denying his motion to suppress. ECF No. 224. This Court referred the motion to Magistrate Judge Jeremiah J. McCarthy for Report and Recommendation ("R&R"). ECF No. 252. At a hearing held on January 23, 2019, Judge McCarthy orally denied Lewis's motion. ECF Nos. 263, 264. Lewis filed an objection, ECF No. 274, and the government responded, ECF No. 277. Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of Judge McCarthy's ruling and considered the parties' submissions to date. For the reasons stated below, the Court adopts Judge McCarthy's oral R&R denying Lewis's motion for reconsideration.

# LEGAL STANDARD

A district court reviews those portions of an R&R to which a party has timely objected *de novo*. Fed. R. Crim. P. 59(b)(3). When a party does not object to a portion of an R&R, or when the objections are conclusory, general, or without legal support, a district court reviews those portions for clear error. *See United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009); *see also* Fed. R. Crim. P. 59(b)(2); Loc. R. Crim. P. 59(c)(2) ("Written objections ... shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority."). After

reviewing the R&R and the objections thereto, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Fed. R. Crim. P. 59(b)(3).

**BACKGROUND**

In January 2018, Lewis filed a motion to suppress evidence obtained in connection with the search of a residence that occurred in September 2016. ECF No. 114. On February 1, 2018, Judge McCarthy issued a R&R denying the motion. ECF No. 118. He noted that Lewis's motion was not supported by an affidavit from Lewis "himself establishing standing to contest the search." *Id.* at 2. Lewis filed an objection, arguing that the proof he had provided was sufficient to establish standing even though he had not submitted an affidavit from Lewis. ECF No. 148. In a Decision and Order dated April 17, 2018, this Court rejected Lewis's arguments and accepted the R&R. ECF No. 153.

On November 29, 2018, Lewis filed a motion for reconsideration, citing newly discovered evidence and the need to avoid manifest injustice. ECF No. 224. In support, defense counsel proffered an affidavit from Lewis, in which he averred that in September 2016 "[he] was a tenant and resided at" the residence that was searched. ECF No. 224-2 at 2. Defense counsel indicated that Lewis had previously "refused to sign such a declaration" because he was "[u]nfamiliar with federal law" and "distrustful of counsel." ECF No. 224-1 at 1; ECF No. 258 at 2. This is so despite counsel informing him of the "need to establish standing to challenge the search through a declaration from defendant." ECF No. 224-1 at 1. The government objected to the motion. ECF No. 240.

At a hearing held on January 23, 2019, Judge McCarthy orally denied Lewis's motion. ECF Nos. 263, 264. He noted that "this is not a situation where [the defendant] was operating in

the dark without proper legal counsel of what the obligations upon a defendant are. He knew them, he just chose not to abide by them. He's now had a change of heart. I think that comes too late." ECF No. 274-1 at 12. Recognizing that there were "interests of the defendant at play here," Judge McCarthy stated "there are interests of the Government and there are also interests of the public in a speedy trial and moving things along quickly." *Id.* at 13. He concluded, "[T]o grant this motion under these circumstances would not only make every scheduling order meaningless, but it would frustrate, if no one else, the public's interest in a speedy trial." *Id.* With respect to manifest injustice, Judge McCarthy found "no manifest injustice where a defendant has been advised by counsel of what is necessary for a motion and chooses not to abide by those requirements." *Id.* at 14.

## DISCUSSION

Lewis objects to Judge McCarthy's recommendation on two grounds. First, he argues that the decision was "based on an erroneous belief that a motion for reconsideration must rely on arguments that could not have been made earlier." ECF No. 274 at 2. But Lewis contends "[t]hat is not a requirement." *Id.* Second, Lewis asserts that Judge McCarthy erroneously found that manifest injustice would not result "from refusal to consider Mr. Lewis' motion on the merits." *Id.* at 3. Lewis claims that manifest injustice would result because denial of his motion would amount to "a waiver of important Constitutional protections." *Id.* In short, Lewis argues that his "misapprehension of a technical issue should not result in the waiver of his Fourth Amendment rights." *Id.*

"Although the Federal Rules of Criminal Procedure do not specifically recognize motions for reconsideration, such motions have traditionally been allowed within the Second Circuit." *United States v. Gillespie*, 264 F. Supp. 3d 462, 466 (W.D.N.Y. 2017) (internal quotation marks

3

omitted). Reconsideration of a previous order is an "extraordinary remedy to be employed sparingly," and the standard for such motions is strict. *Id.* "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.* (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). "Common grounds for reconsideration include an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* (quotation omitted). "The decision to grant or deny a motion for reconsideration is within the sound discretion of the district court." *Id.* (quotation omitted).

The Court concludes that reconsideration is not appropriate. Lewis's circumstances do not fall within any of the three common grounds for reconsideration.

First, he does not identify any intervening change of controlling law.

Second, he does not claim that new evidence is available. To be sure, his affidavit stating that he was a tenant at the residence is "new," but such evidence has been available to Lewis since he filed his original motion to suppress. Thus, the evidence is not "new" in the relevant sense. *See United States v. Bonhannon*, 247 F. Supp. 3d 189, 194 (D. Conn. 2017) ("When a party asserts that new evidence requires reconsideration of a prior decision, the proponent must demonstrate that the newly discovered evidence was neither in his possession nor available upon the exercise of reasonable diligence at the time the interlocutory decision was rendered."). In other words, "[a] motion to reconsider is not [the movant's] opportunity to put forward evidence that he could have, but failed, to provide the Court when the Court initially considered the motion." *Id.*

Third, the Court agrees with Judge McCarthy that reconsideration is not required to prevent manifest injustice. Defense counsel discussed this specific issue with Lewis. Having been

4

informed of his need to provide an affidavit, Lewis nonetheless declined to provide one. After the motion to suppress had been fully litigated, Lewis waited more than seven months to provide the evidence and raise the arguments that he could have raised at the outset. *See Belfiore v. Procter & Gamble Co.*, 140 F. Supp. 3d 241, 244 (E.D.N.Y. 2015) ("In a motion for reconsideration, a party may not introduce new facts or raise new arguments that could have been previously presented to the court."). There is no manifest injustice in holding a defendant to his original choice to hold back relevant evidence so that the litigation can proceed in a timely manner. *See United States v. Green*, No. 12-CR-83S, 2018 WL 947476, at *3 (W.D.N.Y. Feb. 20, 2018) (stating that a party may not use a motion for reconsideration to take "a second bite at the apple").

Finding no other cause that justifies reconsideration, the Court accepts Judge McCarthy's R&R and denies Lewis's motion for reconsideration.

## CONCLUSION

For the foregoing reasons, the Court ADOPTS Judge McCarthy's oral R&R (ECF Nos. 263, 264) in all respects. Lewis's Motion for Reconsideration (ECF No. 224) is DENIED.

IT IS SO ORDERED.

Dated: May 9, 2019
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court