UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                  Case # 17-CR-28-FPG

v.

                                                  DECISION AND ORDER

JESSE LEWIS,
                     Defendant.
_____

       In letters filed March 15 and March 29, 2021, Defendant Jesse Lewis raises various issues and requests with the Court and the Clerk of Court. The Court addresses his requests below.

       First, Defendant continues to dispute his classification by the Bureau of Prisons ("BOP"). *See* ECF No. 522 at 1-2. He alleges that the BOP "wrongly classified him as a sex offender" by "categorizing his offense as one for sex trafficking." ECF No. 485 at 1.

       In its prior order, the Court agreed with Defendant that the BOP appears to have erred by categorizing his current conviction as "one for sex trafficking," since Defendant pleaded guilty to narcotics conspiracy. *Id.*; *see* ECF No. 432. Defendant's plea agreement does not reference or connect his offense to any sex-trafficking activity. *See* ECF No. 373. Although his co-defendants were charged with offenses related to sex trafficking, Defendant was not. Furthermore, the government conceded that Defendant was not knowingly connected to the co-defendants' sex-trafficking scheme, stating "there is no evidence suggesting that defendant Lewis knew that defendant Shine was involved in sex trafficking, nor that defendant Shine used the drugs he bought from Lewis to give to victims of sex trafficking." ECF No. 485 at 2 (quoting ECF No. 316 at 8). This is why the Court severed Defendants' trial from that of his co-defendant's. *See* ECF No. 318 at 11-15. Defendant's Presentence Investigation Report likewise states that Defendant's role was limited to "conspir[ing] with Shine and others to distribute cocaine base" and that his offense had "no identifiable victim." ECF No. 414 at 12. One could not reasonably infer from the Presentence

1

Investigation Report that Defendant was knowingly involved in the co-defendants' sex trafficking scheme. *See* ECF No. 485 at 1-2.

For these reasons, the Court is extremely troubled by Defendant's allegation that the BOP categorized his offense as one for sex trafficking and classified him as such. The BOP's alleged classification is inconsistent with the Presentence Investigation Report, the facts underlying Defendant's plea, and the government's own representations. The Court strongly urges the BOP and any relevant officials to reconsider that classification.

Notwithstanding these concerns, the Court is not convinced it has the authority to compel the BOP to act. ECF No. 485 at 2. This is because, generally, "the classification and designation of inmates is a matter within BOP's sole discretion." *United States v. Jones*, 869 F. Supp. 2d 373, 377 (E.D.N.Y. 2012); *see also Collins v. Schult*, No. 08-CV-1230, 2010 WL 411055, at *4 (N.D.N.Y. Jan. 27, 2010) ("It is well-settled that Congress has given federal prison officials full discretion to control prisoner classification." (internal quotation marks omitted)). Courts have identified two possible ways by which an inmate may challenge his security classification.

In terms of administrative remedies, the BOP has created an Administrative Remedy Program which allows "an inmate to seek formal review of an issue relating to *any aspect* of his/her own confinement." 28 C.F.R. § 542.10(a) (emphasis added). That may be one option for Defendant to challenge his classification, though he would need to initiate that process himself. *See Jones*, 869 F. Supp. 2d at 377. This Court cannot intervene in or interfere with the BOP's administrative remedy program. However, the Court will send a copy of this order to the Warden of Defendant's facility, in order to alert him to the classification issue that Defendant raises.

Apart from administrative remedies, "[h]abeas corpus relief is available" under 28 U.S.C. § 2241 "if a prisoner is 'in custody in violation of the Constitution or laws or treaties of the United

2

States.'" *Collins*, 2010 WL 411055, at *3 (quoting 28 U.S.C. § 2241(c)(3)).  A petition under § 2241 "is available to federal prisoners who challenge the execution of their sentence," which may include a claim relating to "an allegedly erroneous custody classification."  *Id.*  However, "courts have held that a prisoner's classification and designation in the BOP system does not rise to the level of a constitutional violation" unless the classification "imposes an atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life, or that the BOP's action will inevitably affect the duration of his sentence."  *United States v. Sanford*, No. 07-CR-401, 2014 WL 2208172, at *2 (E.D.N.Y. May 28, 2014) (internal quotation marks omitted).  Moreover, an inmate filing a § 2241 petition must "name his warden as the respondent and file the petition in the district of confinement."  *Id.* at *1.  Because Defendant is housed at USP Victorville, he would need to file his petition in the Central District of California.  *See Banuelos v. Swain*, No. 19-CV-257, 2019 WL 4257359, at *1 (S.D. Tex. Sept. 9, 2019).

The Court cannot say whether Defendant will ultimately be able to obtain relief by pursuing either path.  But what is clear is that neither path involves this Court.  To the extent Defendant wishes to obtain relief administratively or through a § 2241 petition, he must direct his request to the proper entity.

Second, Defendant states that his charges were "trumped up" and "bogus," and that the government threatened him and his former attorney to "take a plea of guilty" while knowing there was "no evidence whatsoever."  ECF No. 522 at 1.  He blames his former attorney for failing to "properly fight [the] case" and the Court for failing to give him the opportunity to do so.  *Id.*  He also challenges Attorney Astorga's involvement in the case.  *Id.* at 2.

As this Court informed Defendant in its prior orders, *see* ECF Nos. 468, 472, 485, Defendant has not submitted a formal motion to challenge his conviction under 28 U.S.C. § 2255.

3

*See, e.g.*, *Zhang v. United States*, 506 F.3d 162 (2d Cir. 2007) (defendant challenged the voluntariness of his plea by way of a § 2255 petition). The only formal post-conviction motion he filed was for compassionate release under 28 U.S.C. § 3582(c). *See* ECF Nos. 502, 513. Unless and until Defendant files a formal motion under 28 U.S.C. § 2255, the Court will not consider his arguments challenging his conviction. The Court will again send Defendant (1) the § 2255 instructions and (2) the § 2255 form. If Defendant does file a § 2255 petition, he may also move for the appointment of counsel. *See* ECF No. 485 at 3-4.

Third, in the March 15, 2021 letter, Defendant requested a copy of the docket sheet with "all [his] information in its entirity [sic] unsealed." ECF No. 522 at 3. Based on the March 29, 2021 letter, it appears that Defendant has received a docket sheet. ECF No. 523 at 1. But Defendant states that the docket sheet he received contains sealed entries and is incomplete. *Id.* He asks for a "docket sheet unsealed with none of the contents withheld." *Id.* He also states that the docket sheet does not contain entries for "two letters" that the Court wrote to Defendant "in Jan 2020 stating that the lawyer didn't want to continue on with the case, and the other one was him granting his motion." *Id.* Defendant requests that "those copies be included in the docket sheet." *Id.*

To the extent Defendant is requesting that the Court unseal any and all sealed records filed in his case—such that they would be publicly available—the Court denies that request without prejudice. If Defendant seeks that relief, he would need to file a formal motion identifying each entry he wants unsealed and explaining why each entry should be unsealed.

To the extent Defendant is only requesting that he be given *copies* of any sealed records in his case, the Court also denies his request without prejudice. If Defendant seeks such relief, he

4

should inform the Court which sealed records he is requesting, and the Court will take his requests under advisement.

As for the allegedly missing letters, the Court believes that Defendant is referring to Attorney Soehnlein's January 29, 2020 motion to withdraw (ECF No. 467) and the Court's January 30, 2020 Order granting said motion (ECF No. 468). If Defendant wants copies of those documents, he should complete a "Photocopy Request Form" and mail it to the Clerk of Court. If Defendant believes there are other "letters" from January 2020 that are not reflected on the docket sheet, he is free to provide copies of those letters to the Court.

Accordingly, Defendant's letter requests (ECF Nos. 522, 523) are denied as stated herein. With this order, the Court will send Defendant (1) the § 2255 instructions; (2) the § 2255 form; and (3) a Photocopy Request Form. In order to alert the Warden of Defendant's facility of the serious allegations Defendant has raised with respect to his classification, the Court will send a copy of this order to the Warden of USP Victorville.

IT IS SO ORDERED.

Dated: March 31, 2021
Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court