UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.

Case # 17-CR-28-FPG

DECISION AND ORDER

JESSE LEWIS,

                Defendant.

On September 19, 2019, Defendant Jesse Lewis pleaded guilty to one count of narcotics conspiracy pursuant to a plea agreement. ECF Nos. 373, 374. On December 12, 2019, the Court sentenced him to the agreed-upon term of imprisonment of 84 months. ECF Nos. 427, 432. On March 2, 2021, the Court denied Defendant's motion for compassionate release. ECF Nos. 512, 513, 521. On August 9, 2021, Defendant filed a letter, ECF No. 532, which the Court construed as a renewed motion for compassionate release. ECF No. 534. The government opposes the renewed motion, ECF No. 536, and Defendant has filed his reply. ECF No. 537. For the reasons that follow, the Court denies Defendant's renewed motion.

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute." *United States v. Lucas*, No. 15-CR-143, 2020 WL 2059735, at *1 (W.D.N.Y. Apr. 29, 2020) (internal brackets omitted). "Section 3582(c)(1)(A) provides one such statutory exception, often referred to as 'compassionate release.'" *Id.* Under § 3582(c)(1)(A)(i), a district court may reduce a term of imprisonment if, after "considering the factors set forth in section 3553(a)," the court "finds that . . . extraordinary and compelling reasons warrant such a reduction." A district court's "discretion in this area—as in all sentencing matters—is broad," and courts may "consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Furthermore, "[t]he defendant has the burden to show he is entitled to a sentence

1

reduction." *United States v. Flores*, No. 17-CR-449, 2020 WL 2907549, at *2 (S.D.N.Y. June 3, 2020).

In his prior motion for compassionate release, Defendant argued that extraordinary and compelling reasons existed based on the combination of (1) his risk of sustaining complications from COVID-19 due to his pre-existing conditions (diabetes, high blood pressure, depression, anxiety, and high cholesterol), and (2) the conditions in prison, which made infection more likely. *See* ECF No. 513 at 2-3, 6-7. The Court disagreed, concluding that the COVID-19 pandemic did not justify release given "the low number of active cases [at Defendant's facility], the facility's apparent success in treating inmates who contract the virus, and the rollout of the vaccination program." ECF No. 521 at 4. Based on the absence of an extraordinary and compelling reason justifying release, the Court denied Defendant's motion.

In his renewed motion, Defendant argues that he has made strides to rehabilitate himself and has a clear plan of action when he is released: he intends to stay "out west" and build a new life with his fiancée, who resides in Arizona. ECF No. 532 at 1. He has a few potential job opportunities and is intent on being a good father for his daughter. *Id.* at 1-2. Defendant asks for release so that he can "take full advantage of the opportunities open to [him] out here." *Id.* at 2. In his reply, Defendant describes the worsening situation at his current facility, USP Beaumont. According to Defendant, the facility is constantly under lockdown, which prevents him from preparing legal documents, going to the law library, obtaining supplies at the commissary, or even leaving his cell.[1] ECF No. 537 at 1-2.

It is unclear what Defendant specifically identifies as the "extraordinary and compelling" reason justifying his release. Defendant no longer argues that the COVID-19 pandemic justifies

---

[1] In his reply, Defendant also requests the appointment of counsel. ECF No. 537 at 2. The Court denies that request without prejudice. Defendant may move for appointment of counsel once he files his § 2255 petition.

2

his release; he is fully vaccinated.  *See* ECF No. 532 at 1.  As best the Court can gather, Defendant seems to argue that a combination of circumstances justifies his release: his rehabilitation; his plan of action upon release; and the difficulties he has faced while imprisoned, from his misclassification as a sex offender to the recent lockdowns at USP Beaumont.  Because the Court resolves Defendant's motion on other grounds, the Court will assume, without deciding, that these factors amount to "extraordinary and compelling" reasons for release.

Even with that assumption, however, the Court concludes that a reduction of Defendant's term of imprisonment is inconsistent with the factors set forth in § 3553(a).  Under § 3553(a), a court must consider the following factors when it imposes a sentence:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) [the kinds of sentence and sentencing range provided for in the Sentencing Guidelines]
>
> (5) any pertinent [Sentencing Commission policy statement]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

*United States v. Sawicz*, No. 08-CR-287, 2020 WL 1815851, at *3 (E.D.N.Y. Apr. 10, 2020) (quoting 18 U.S.C. § 3553(a)).  The Court already weighed these factors when it imposed Defendant's original term of imprisonment.  Thus, in the context of the present motion, the task is

3

not to "second guess or to reconsider whether the original sentence was just," but to assess whether "the defendant's circumstances are so changed . . . that it would be inequitable to continue the confinement of the prisoner." *United States v. Ebbers*, No. 02-CR-114, 2020 WL 91399, at *6 (S.D.N.Y. Jan. 8, 2020) (discussing legislative history of provision).  In other words, the issue is whether the original § 3553 factors "outweigh the 'extraordinary and compelling reasons' warranting compassionate release," and, in particular, "whether compassionate release would undermine the goals of the original sentence." *Id.* at *7.

At sentencing, the Court fully considered Defendant's circumstances, including his acceptance of responsibility, his battles with substance abuse, and his desire to overcome his addictions and be a productive member of society.  The Court also considered the nature of the offense—a narcotics conspiracy involving 28 grams or more of cocaine base—his physical- and mental-health concerns, and his lengthy criminal history.  The Court recognized that much of Defendant's criminal history was related to his own substance-abuse problems.  Pursuant to a negotiated plea agreement, this Court sentenced Defendant to an 84-month term of imprisonment, finding that this sentence reflected the seriousness of the offense and the havoc drug distribution causes to individuals and communities, and deterred Defendant and others from committing such offenses.  As it stands, Defendant's good-conduct projected release date is November 2022 (slightly more than one year from now), and his term expires in November 2023 (slightly more than two years from now).  ECF No. 517-1 at 4.

The Court concludes that Defendant's current term of imprisonment was and remains appropriate.  Defendant's efforts at rehabilitation and his plans to start a new life in Arizona are certainly commendable.  Likewise, the Court is sympathetic to the unusual burdens Defendant has faced, including the COVID-19 pandemic, his misclassification, and the challenges at his facilities.

But those considerations do not undermine the factors that led the Court to its original sentence: the seriousness of Defendant's offense, his criminal history, and the need for deterrence. Defendant committed a serious offense that justified his sentence, and the circumstances he identifies do not render that sentence unjust or inequitable. The Court hopes that Defendant will continue on the path of rehabilitation, but it declines to exercise its extraordinary authority under Section 3582 at this time.

## CONCLUSION

Defendant's Renewed Motion for Compassionate Release (ECF No. 532) is DENIED.

IT IS SO ORDERED.

Dated: October 4, 2021
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court